# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| **MZONJANI KUBHEKA** <br> a/k/a **MLANDVO DLAMINI** <br> A 791-365-53 | **CIVIL ACTION NO. 08-0587** <br><br> **SECTION P** |
| VS. | **JUDGE DOHERTY** |
| **ATTORNEY GENERAL , ET AL.** | **MAGISTRATE JUDGE METHVIN** |

## *REPORT AND RECOMMENDATION*

Before the court is Mzonjani Kubheka's *pro se* petition for *habeas corpus* (28 U.S.C. §2241) filed on April 23, 2008. When he filed his petition, petitioner was in the custody of the Department of Homeland Security/Bureau of Immigration Customs Enforcement (DHS/ICE). He was detained at the Federal Detention Center, Oakdale, Louisiana, awaiting removal to his native country.

## *STATEMENT OF THE CASE*

Relying implicitly on *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), petitioner argued that his continued detention while awaiting removal was in violation of his constitutional rights because removal was not reasonably foreseeable. The government was served and in due course filed a Motion to Dismiss [rec. doc. 13]. In that Motion the government alleged (and provided documentary proof in support thereof) that petitioner had in fact been removed to Swaziland on August 1, 2008.

## *LAW AND ANALYSIS*

The undisputed evidence establishes beyond any doubt that the petitioner is no longer in custody. Further, the record establishes that the petitioner has demanded only his immediate

release throughout these proceedings. Therefore, in light of his removal, the undersigned concludes that petitioner's *habeas corpus* challenge to post-removal-order detention is now moot and should be dismissed.

Therefore

**IT IS RECOMMENDED** that the Motion to Dismiss [rec. doc. 13] be **GRANTED** and, that the Petition for Writ of *Habeas Corpus* be **DISMISSED WITH PREJUDICE** as moot.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on September 12, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)